TERENCE P. RUF, JR, ESQUIRE
Pennsylvania Attorney Identification No.: 203070
Law Office of Terence P. Ruf, Jr.
37 West Gay Street                                    Attorney for Defendant
West Chester, PA 19380                                William F. Donovan, M.D. and
(484) 786-9203                                        Spine Pain Management, Inc.,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MACAY AND | : | |
| CELEBRITY FOODS, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO.:  **10-CV-218** |
| | : | |
| V. | : | |
| | : | **JURY DEMAND** |
| WILLIAM F. DONOVAN, M.D. and | : | |
| SPINE PAIN MANAGEMENT, INC | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, WILLIAM F. DONOVAN, M.D. AND SPINE PAIN MANAGEMENT, INC., MOTION TO DISMISS PLAINTIFFS,  JAMES MACKAY AND CELEBRITY FOODS, INC., COMPLAINT FOR LACK OF PERSONAL JURISDICTION, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND IMPROPER VENUE/FORUM NON CONVENIENS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(3)**

## I.  FACTS

The Plaintiffs, James Macay (hereinafter referred to as Macay) and Celebrity Foods, Inc. (hereinafter referred as CFI), filed their Complaint on January 19, 2010.  A true and correct copy of Plaintiff' Complaint is attached hereto as Exhibit "A" and incorporated herein as through set forth in full.  The Defendants filed a Waiver of Service on March 24, 2010.

Generally, the Plaintiffs allege in their Complaint that the Defendants defrauded them of retained shares.  Plaintiffs allege the Defendants committed fraud by failing to perform the final obligation of a Settlement Agreement.   Plaintiff' attached an alleged true and correct of the

1

Settlement Agreement to the Complaint, which is attached hereto as Exhibit "A" and incorporated herein as through set forth in full.  Plaintiffs allege that the Defendants were contractually obligated to release restricted shares that were retained by the Defendants in connection with a stock purchase agreement and that the failure to release said shares pursuant to the terms of the Settlement constituted fraud.  The Plaintiffs seek relief in the form of compensatory damages and punitive damages with attorneys' fees in relation to the fraud counts. See Exhibit "A."

Alternatively, the Plaintiffs contend that the Defendants breached the settlement agreement and therefore the agreement should be rescinded.  The Plaintiffs also allege alternate counts of Breach of Good Faith and Unjust Enrichment.   See Exhibit "A."

The crux of the Plaintiffs' fraud allegations (Counts I through III) are set forth in paragraphs 64 through 73 of their Complaint.  The Plaintiffs aver that the Defendants made representations in the Settlement agreement that "the restrictions on share certificates 3746 and 3747 would be removed within six (6) months the date of the original issuance;" that the plaintiffs relied upon those representations; that the alleged representations were material; that the plaintiffs made a demand for the removal of the restrictions and that the Defendants refused to remove the restrictive legends. See paragraphs 64 – 73 of Exhibit "A."

The alleged conduct by the Defendants that the Plaintiffs' find offensive is a stop notice issue on or about April 3, 2009 to the transfer agent who held the restrictive legends on share certificates 3736 and 3747.   For the reasons that follow, this Court lacks personal jurisdiction over the Defendants. Thus, the complaint should be dismissed. Alternatively, the Plaintiffs complaint must dismissed for improper venue pursuant to Fed.R.Civ.P 12(b)(3).

## II.  QUESTIONS PRESENTED

A.  Does this Court lack personal jurisdiction over the Defendants.

SUGGESTED ANSWER:  Yes.

B.  Have the Plaintiffs filed this action in the Eastern District of Pennsylvania improperly.

SUGGESTED ANSWER:  Yes.

**III. ARGUMENT**

A.  Legal Standard

If a defendant raises the defense of lack of personal jurisdiction, the burden shifts to the plaintiff to establish with reasonable particularity sufficient contacts between the defendant and the forum state. Although the court is to accept as true the allegations in the complaint, grant all reasonable inferences therefrom, and resolve all factual disputes in the plaintiffs favor, the plaintiff still must respond with actual proofs, not mere allegations. ***Patterson v. Federal Bureau of Investigation***, 893 F.2d 595,604 (3d Cir. 1990).

Moreover, if an issue is raised as to whether a court lacks personal jurisdiction over a Defendant, the Plaintiff bears the burden of showing that personal jurisdiction exists. Pursuant to Rule 4(k) of the Federal Rules of Civil Procedure, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. In Pennsylvania, state law provides for jurisdiction to the fullest extent allowed under the Constitution of the United States and based on the most minimum contact with the constitution allowed under the Constitution of the United States.

B.  This Court Lacks Personal Jurisdiction Over The Defendants Pursuant To Fed.R.Civ.P 12(B)().

The Due Process Clause of the Fourteenth Amendment requires that non-resident Defendants have certain minimum contacts with Pennsylvania such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Having

3

minimum contacts with another state provides fair warning to a defendant that he or she may be subject to suit in that state. ***Marten v Godwin. et al.***, 499 F3d 290, 295-296 (3d Cir., 2007) ("quotations and citations omitted").

The aforementioned basic due process principles are reflected in the two recognized types of personal jurisdiction. General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. Specific jurisdiction exists when the claim arises from or relates to conduct purposefully directed at the forum state. ***Id.*** at p. 296-297.

As was clearly set forth herein, at no relevant time have the Defendants resided in the Commonwealth of Pennsylvania. In fact, the complaint avers that at all relevant times, the Defendant Donovan is an adult resident of the State of Texas and Defendant Spine Pain Management is corporation organized and existing under the laws of the State of Delaware with a principal place of business in the State of Texas. Moreover, the Defendants: owned no property or any other asset in the Commonwealth of Pennsylvania; were never employed in the Commonwealth of Pennsylvania; and paid no taxes to the Commonwealth of Pennsylvania. Moreover, the Defendants were not served with process while present in the Commonwealth of Pennsylvania, nor have they consented to personal jurisdiction. It is clear, therefore, that the Defendants have not maintained systematic and continuous contacts with the Commonwealth of Pennsylvania. See a true and correct copy of the Affidavit of Defendant William F. Donovan is attached herein as Exhibit "A." Thus, this Court cannot exercise "general jurisdiction" over the Defendants.

Consequently, if personal jurisdiction exists with respect to the Defendants, it must necessarily be "specific jurisdiction." Determining whether specific jurisdiction exists involves a three part inquiry. First, the defendant must have "purposefully directed his activities" at the forum. Second, the plaintiffs claim must "arise out of or relate to" at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comports with fair play and substantial

justice." Because this analysis depends on the relationship between the claims and contacts, courts generally evaluate specific jurisdiction on a claim by claim basis. *Id.* at p. 296-297.

In the case presently before the Court, there are absolutely no assertions in the complaint of any specific activities by the Defendants <u>in the Commonwealth of Pennsylvania</u>. In fact, the claims against the Defendants solely relate to the alleged non-performance of a specific section the Settlement Agreement attached as Exhibit to the Complaint. Nowhere in the complaint is it stated that the Defendants were located in the Commonwealth of Pennsylvania at the time they allegedly refused to remove the restrictive legends from the retained shares.

Consequently, it is clear that there are no contacts by the Defendants with Pennsylvania that satisfy the traditional three step analysis for specific jurisdiction. Thus, to the extent that the Plaintiffs rely upon the traditional three step analysis for specific jurisdiction, the complaint must be dismissed for lack of personal jurisdiction.

The Third Circuit has held, however, that specific jurisdiction in claims involving intentional torts committed outside of the forum state exists as long as the Plaintiff satisfies a three prong inquiry, specifically showing that:

(1) The Defendant committed an intentional tort;

(2) The Plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the Plaintiff as a result of that tort; and

(3) The Defendant <u>expressly aimed</u> his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

***Marten v. Godwin***, F.3d 290 (3d Cir., 2007) (emphasis added). This test is

5

referred to as the "*Calder* effects test", and is based upon the United States Supreme Court's decision in ***Calder v. Jones***, 465 U.S. 783 (1984). <u>Marten</u> at p. 296-297.

However, only if the "expressly aimed" element of the Calder effects test is met need the Court consider the other two elements. To establish that the Defendant "expressly aimed" his conduct, the Plaintiff has to demonstrate that "the Defendant knew that the Plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, <u>and point to specific activity indicating that the Defendant expressly aimed its tortious conduct at the forum</u>." If a Plaintiff fails to show that the Defendant manifested behavior intentionally targeted at and focused on the forum, the Plaintiff fails to establish jurisdiction under the effects test. ***Id.*** 297'298.

In the present case, the only alleged activity of the Defendants upon which liability is based is the stop order temporally preventing the release of the restrictive legends on the retained shares held by the Plaintiffs'.

As a matter of law, therefore, the Plaintiffs will be unable to establish that the Defendants expressly aimed their alleged fraudulent behavior at the Commonwealth of Pennsylvania, such that the Commonwealth of Pennsylvania can be said to be the focal point of the tortious activity. Clearly, therefore, the Plaintiffs cannot satisfy the <u>Calder</u> effects test, and this Court therefore lacks personal jurisdiction over the Defendants.

As set forth at length above, the only activity asserted by the Plaintiffs in their complaint by the Defendants, is the stop order temporally preventing the release of the restrictive legends on the retained shares held by the Plaintiffs'.. For the same reasons set forth above, as a matter of law, the Plaintiffs will be unable to prove that the Defendants "expressly aimed their tortious conduct at the forum."

For each of the above referenced reasons, this Court lacks personal jurisdiction

over the Defendants. Thus, the complaint as it relates to the Defendants must be dismissed pursuant to Fed.R.Civ.P. 12 (b) (2).

C.     The Plaintiffs Complaint Must Dismissed For Improper Venue Pursuant To Fed.R.Civ.P 12(B)(3)

In order to prevail on a Motion to Dismiss for Improper Venue, Defendant bears the burden of proving two basic elements: (1) that an adequate alternative forum exists to all Defendants; and (2) that private and public interest factors weigh heavily in favor of dismissal. *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-4 (3d. Cir. 1988); *see also Brice v. C.R. England, Inc*., 278 F. Supp. 2d 487 (ED Pa. 2003).

As to the first element, Texas is an adequate alternative forum because the instruction to the transfer agent to stop to removal of the restrictive legends came from Defendant Spine Pain Management while at its primary place of business in Texas, and the Defendants are willing to submit to jurisdiction in Texas. In addition, Plaintiffs are able to seek redress there.

The U.S. Supreme Court has identified the relevant private interest factors which must be considered in *forum non conveniens* cases as: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); see also Lacey, 932 F.2d at 180.

This case involves fraud allegations based upon the non-performance of a contract based on the alleged conduct of the instruction to the transfer agent to stop to removal of the restrictive legends came from Defendant Spine Pain Management while at its primary place of business in Texas.  The central facts of the alleged fraud or breach of contract occurred in Texas.

7

Witnesses, evidence, and investigations related to the  instruction to the transfer agent to stop to removal of the restrictive legends originate in Texas and that liability expert witnesses will have to travel to Texas in order to gather information for any analysis. In addition, crucial witnesses such as Defendant Donovan, reside in the state of Texas. Should any of the witnesses prove unwilling to attend Court proceedings, Pennsylvania does not have subpoena power to compel their attendance. If the Pennsylvania action is permitted to proceed, the cost of travel associated with their participation may increase the likelihood that the witnesses will be unwilling to appear.

The U.S. Supreme Court remarked, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury or most litigants." *Gulf Oil*, 330 U.S. at 511. None of the witnesses reside in or near this District, with the exception of the Plaintiff CFI. Thus, the State of Texas has greater access to sources of proof of fraud and/or breach of contract than Pennsylvania, and the power to compel the attendance of witnesses at trial.

There is no special public interest in having this case tried in Pennsylvania. The relevant public interest factors which should be considered include: (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981); *Gulf Oil*, 330 U.S. at 508-9.

As stated in Gulf Oil, "administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." 330 U.S. at 509. The origin of this litigation is Harris County, Texas. This court finds that the local community with the strongest interest in the resolution of this dispute is located in Harris County, Texas. Texas has an interest in ensuring that their tort liability laws are enforced because a state's tort liability laws determine

the rights and obligations of its citizens, residents, and visitors.  In addition, "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Id.

It will certainly be unfair to burden the citizens of this District with jury duty, when the alleged fraudulent conduct occurred in Texas and the fraud actions require that this Court apply Texas tort laws. There is no reason why this Court or jurors from this community should bear the burden of overseeing the resolution of this dispute which originated in Texas. Dismissal of the Pennsylvania action will decrease administrative congestion in this District, allows the State of Texas to ensure the enforcement of its own laws, and avoid imposing the burden of deciding a case that bears no relation to this District. Thus, this Court should find that the consideration of public interest factors also weighs in favor of dismissal of this action.

## IX.    CONCLUSION

For the reasons set forth above, Defendants, William F. Donovan, M.D. and Spine Pain Management, Inc., respectfully request this Honorable Court dismiss Counts the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2) with prejudice for lack proof personal jurisdiction.  Alternatively, this Court should dismiss the Plaintiffs' Complaint filing the lawsuit in an improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

Proposed Orders are attached to the Motion.

                                        *LAW OFFICE OF TERENCE P. RUF, JR.*

Date:   April 20, 2010                  //s *Terence P. Ruf, Jr.*
                                        _____
                                        **TERENCE P. RUF, JR., ESQUIRE**
                                        **Attorney ID: 203070**